1  JUSTIN M. MICHITSCH (SBN: 285702)
   jmichitsch@grsm.com
2  GORDON REES SCULLY MANSUKHANI, LLP
   101 W. Broadway, Suite 2000
3  San Diego, CA 92101
   Telephone: (619) 696-6700
4  Facsimile: (619) 696-7124

5  Attorneys for Defendant
   INSIGHT GLOBAL, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALBERT ARCHER, an individual, BEAU CARPENTER, an individual, KYLE HERNANDEZ, an individual, and JUAN PEREZ, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MANDEX INC., a corporation, APEX SYSTEMS, LLC, a corporation, INSIGHT GLOBAL, LLC, a corporation, JASON JENSEN, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: **'22CV1077 JLS BLM**<br><br>(Removed from San Diego County Superior Court, Case No. 37-2022-00023173-CU-OE-CTL)<br><br>**NOTICE OF REMOVAL OF ACTION BASED ON FEDERAL QUESTION AND DIVERSITY** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD, AND ALL DEFENDANTS AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant INSIGHT GLOBAL, LLC (hereinafter referred to as "Insight Global"), hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to and removal is warranted under 28 U.S.C. §§ 1331, 1332, 1367,

1441, *et seq.*, and 1444 on the grounds of federal question and diversity jurisdiction. Specifically, as to federal question, Plaintiffs CALBERT ARCHER ("Archer"), BEAU CARPENTER, KYLE HERNANDEZ, and JUAN PEREZ (altogether "Plaintiffs") allege violation of federal prevailing wage law in their lawsuit. As to diversity, complete diversity exists between the parties when sham defendant JASON JENSEN's ("Jensen") citizenship is rightly disregarded. In support of removal, Insight Global, through its counsel, states as follows:

## **PROCEDURAL BACKGROUND**

1. On or about June 15, 2022, Plaintiffs, each of whom are residents of California, commenced this action by filing a complaint in the Superior Court of the State of California, County of San Diego, bearing case number 37-2022-00023173-CU-OE-CTL. A true and accurate copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2. Plaintiffs allege defendants Insight, MANDEX INC. ("Mandex"), APEX SYSTEMS, LLC ("Apex" and referred to with Insight and Mandex herein as "Entity Defendants"), and Jensen (referred to with Entity Defendants herein as "Defendants"), individually and/or collectively, violated federal prevailing wage law, such as the Davis Bacon Act, as to them. [*See, e.g.*, Complaint at ¶ 42, 46-54, 73, 81, 90, 97-102, 112].

3. As a result of Defendants' alleged wrongdoing, Plaintiffs seek general damages "in excess of $500,000" as well as (1) special damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees. [*See* Complaint at Prayer Nos. 1-4, 8].

4. Plaintiffs served the lawsuit on Insight on June 23, 2022.

## **REMOVAL IS TIMELY**

5. Removal is timely because this Notice of Removal is filed within 30 days of Plaintiffs' service of the lawsuit on Insight on June 23, 2022. *See* 28 U.S.C. § 1666(b); *Destfino v. Reiswig*, 630 F.3d 952, 962 (9th Cir. 2011) ("we hold that

NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION AND DIVERSITY)

each defendant is entitled to thirty days to exercise his removal rights after being served").

## **GROUNDS FOR REMOVAL- FEDERAL QUESTION**

6. This Court has original federal question jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331 given it fundamentally involves federal prevailing wage law and Defendants' alleged violation of same.

7. Plaintiffs' first through fifth and seventh causes of action ("COA") claim Defendants, individually and/or collectively, violated the "California Labor Code." [*See generally* Complaint]. Yet, Plaintiffs' claims are not actually state law claims per the four corners of the complaint; rather, they are predicated on Defendants' alleged failure to abide by federal prevailing wage law, including the Davis Bacon Act. [*See, e.g.*, *id.* at ¶ 46-47, 102]. For example, Plaintiffs title their first COA "Failure to Pay Minimum Prevailing Wages in Violation of Labor Code §§ 1194 and 1197." [*See id.* at ¶ 22-24]. But, California Labor Code Sections ("CLC §") 1194 and 1197 only address state minimum wage law and do not reference or use the term "prevailing wage." [*See id.* at p. 6:22-24]; CLC §§ 1194, 1197. And, Archer's complaint claims he was paid $30 per hour during the period at-issue but contends that amount constituted an underpayment given the prevailing wage nature of the work performed. [*See* Complaint at ¶ 19; 46-47]. As such, Archer's first cause of action, in actuality, alleges Defendants failed to pay him at the minimum prevailing wage rate, not state minimum wage, removing it from the purview of the California Labor Code.

8. Moreover, Archer, the only plaintiff asserting claims against Insight in this case, contends he worked on "a number of prevailing wage project[s] during this employment" and then proceeds to list projects involving federal military bases in California and Arizona (which would be subject to the federal McNamara-O'Hara Service Contract Act). [Complaint at ¶ 29]. As such, not only does this lawsuit, at its core, involve prevailing wage-related work in two separate states, but it involves

-3-
NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION AND DIVERSITY)

alleged violation of <u>federal</u>, and not state, prevailing wage law.

9. Given Plaintiffs substantively bring claims for violation of federal prevailing wage law here (such as the Davis Bacon Act set forth at 40 U.S.C. § 3141, et seq.), this Court has original jurisdiction over this lawsuit. (*See Robinson v. Ohio, Dept. of Development*, 69 Fed. Appx. 204, 205 (6th Cir. 2003); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). And, even though Plaintiffs couch Defendants' purported wrongdoings (i.e., failure to abide by federal prevailing wage law) as violations of the California Labor Code, Plaintiffs' attempt to plead around this Court's jurisdiction by "invoking" state law is a red herring and does not preclude removal of this case to this forum. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 406 n.2 (1981) ("plaintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims").

10. As such, the nature of this case involves federal prevailing wage law and supposed violation of same, meaning this case may rightfully be removed to this Court under 28 U.S.C. Sec. 1441(a). *See Gully*, 229 U.S. at 112.

11. Further, this Court may exercise supplemental and/or pendent jurisdiction over Plaintiffs' sixth COA for constructive discharge, especially since it, per the operative complaint, stems from Plaintiffs' underlying federal prevailing wage contentions. 28 U.S.C. § 1367(a).

**GROUNDS FOR REMOVAL- DIVERSITY**

12. This Court may also exercise diversity-based jurisdiction because (1) the amount in controversy exceeds the sum or value of $75,000 (exclusive of costs and interests), (2) Plaintiffs fraudulently joined Jensen as a "sham" defendant, and (3) complete diversity exists between Plaintiffs and Entity Defendants when Jensen's citizenship is rightly disregarded.

**The Amount in Controversy Exceeds $75,000 per Plaintiffs' Complaint**

13. Per Plaintiffs' complaint, they seek general damages "in excess of

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

$500,000" in this action. [*See* Complaint at Prayer No. 1]. They also demand, among other things, special damages, compensatory damages, punitive damages, and attorneys' fees from Defendants. [*See id.* at Nos. 2-4, 8]. As such, per Plaintiffs' own contentions, the amount in controversy, exclusive of interest and costs, exceeds the $75,000 threshold set forth at 28 U.S.C. § 1332.

## **Plaintiffs Fraudulently Joined Jensen as a Defendant in This Case, Thereby Warranting Complete Disregard of His Citizenship for Diversity Purposes**

14. As set forth above, Plaintiffs named four defendants in this matter; the three Entity Defendants (none of whom are California citizens) and Jensen (a California resident). And, Plaintiffs contend Jensen is individually liable for wage and hour violations committed against them based on CLC § 558.1. However, since Jensen was never an owner, director, officer, or managing agent of any Entity Defendants, he cannot be subject to individual wage and hour liability per the plain language of that provision even if wage and hour violations are (somehow) proven. As such, he constitutes a sham defendant whose citizenship should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

15. A non-diverse defendant's citizenship must be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) where joinder of the defendant is fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* However, a court may consider "affidavits or other evidence . . . on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" *Piroozmehr v. Zale Delaware, Inc.*, 2012 WL 1415418, at *2 (C.D. Cal. Apr. 24, 2012). Overall, "the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant," and does not require a finding that the plaintiff acted with

fraudulent intent. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *2 (C.D. Cal. Nov. 4, 2016).

16. Plaintiffs' lawsuit alleges seven COAs, six of which they assert against Jensen along with the Entity Defendants (namely, their defective wage and hour claims but not their sixth COA for constructive discharge). [*See generally* Complaint]. As noted above, Plaintiffs contend they can secure a recovery on their wage and hour claims from Jensen, despite him being an individual, through CLC § 558.1. [*See* Complaint at ¶ 56-57, 69- 70, 85-86, 93-94]. However, and in actuality, they cannot do so because at no relevant time did he ever serve as any Entity Defendant's owner, director, officer, or managing agent.

17. Per CLC § 558.1, "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated" certain state wage and hour provisions "may be held liable as the employer for such violation." *See, e.g.*, CLC § 558.1(a). But, "the term 'other person acting on behalf of an employer' is limited to a natural person who is an owner, director, officer, or managing agent of the employer." *Id.* at (b). Further, the term "managing agent" only includes "those corporate employees who exercise substantial independent authority and judgment in their corporate decision-making so that their decisions ultimately determine corporate policy." *Gonzalez v. Sheraton Operating Corp.*, 2020 WL 7042817, at *2 (C.D. Cal. Dec. 1, 2020).

18. Here, Jensen never served as or occupied the role of owner, director, or officer of any Entity Defendants, including but not limited to his actual employer Mandex Inc. ("Mandex"). [*See* Declaration of Jason Jensen in Support of Insight's Removal ("JJ Dec.") at ¶ 2].

19. Jensen also never acted as a managing member of any of the Entity Defendants at any time in relation to this lawsuit.

20. First, neither Insight nor Apex ever employed Jensen, inherently precluding him from being found or considered a "managing agent" of either. [*Id.*];

*see, e.g.*, *Gonzalez*, 2020 WL at *2 (standing for proposition that a person must be an employee of a company to be considered a "managing agent" of same).

21. Moreover, Jensen did not occupy, through conduct or otherwise, a managing agent role as to Mandex at any time. Mandex is headquartered in Virginia and conducts operations throughout the United States. [JJ Dec. at ¶ 3]. But, during the period in question and otherwise, Jensen did not serve as any type of national or corporate-level employee who had company-wide influence. [*Id.* at ¶ 4]. Nor did Jensen even ever occupy a managerial role with the company. [*Id.*]

22. Instead (and contrary to Plaintiffs' complaint describing Jensen as a "Project Manager"), Jensen held the position of an Electronic Technician III from December 2018 to November 2021 and then Subject Matter Expert III from November 2021 to May 2022. [*Id.* at ¶ 1]. And, neither role involved project management or oversight responsibilities. [*Id.* at ¶ 4]. Instead, in both of these roles, Jensen was responsible for assisting the Program Manager (i.e., his superior) with projects/contracts assigned by the company to that individual, with Jensen's tasks generally involving keeping track of project goals/metrics, supervising the team assigned to the project, and reporting progress to those above him. [*Id.* at ¶ 5-6]; *see Nguyen v. Ericsson, Inc.*, 2018 WL 2836076, at *2 (N.D. Cal. June 11, 2018) ("a 'managing agent' is 'more than a mere supervisory employee.'"). And he did so pursuant to the instructions, guidelines, and policies and procedures dictated by Mandex and did not dictate or formulate company policy nor did the decisions he made in his roles determine such policy. [*Id.* at ¶ 5]. He also only worked under the Program Manager position in the Southwestern area of the United States, predominantly in California, meaning his acts did not (and would not) have any widespread or over-arching corporate policy implications. [*Id.* at ¶ 4-6]; *see Taylor v. Trees, Inc.*, 58 F.Supp.3d 1092, at 1107-08 (E.D. Cal. 2014) (finding supervisor not a "managing agent" (for punitive damages purposes) since he did not have "broad or unlimited authority" as to decisions made for the company and only

oversaw a portion of employer's workforce and locations); *Lobo v. Air-India Ltd.*, 2021 WL 254312, at *6 (N.D. Cal. Jan. 26, 2021) (finding manager in San Francisco could not plausibly be considered an individual with corporate policy-making authority (i.e., managing agent) over company with national presence). Further, at no time in either role was Jensen responsible for creating or determining employee wage and hour policy at Mandex, including but not limited to how employees were paid for or recorded their time worked nor did he have any authority to set the work hours or wage rates of Mandex's workers on the projects he assisted with. [JJ Dec. at ¶ 7-8]. As such, Jensen cannot reasonably be considered to have been a managing agent of Mandex at any relevant time here.

23.     Overall, Jensen simply cannot be liable in his individual capacity for any alleged wage and hour violations purportedly committed against Plaintiffs in his individual capacity. Even if the supposed violations did occur (which Insight wholly denies), he was not an owner, director, officer, or managing agent of any Entity Defendant at any time. As such, individual liability cannot attach to him through CLC § 558.1. And, since he cannot be held liable as a result, he amounts a "sham" defendant whose citizenship can and should be disregarded for diversity purposes in this instance. *See, e.g.*, *Piroozmehr v. Zale Delaware, Inc.*, 2012 WL 1415418, at *1 (C.D. Cal. Apr. 24, 2012).

**Complete Diversity Exists Between Plaintiffs and Entity Defendants**

24.     As noted above, since Jensen is a "sham" defendant, his California citizenship may be wholly disregarded, leaving only the citizenship of the three Entity Defendants to be considered and compared against Plaintiffs' California residencies for diversity jurisdiction purposes.

25.     Insight is and was at the time of filing of this lawsuit a limited liability company organized under the laws of Delaware and headquartered in Georgia. But, the citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Rolling Greens MHP v.*

NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION AND DIVERSITY)

*Comcast SCH Holdings, LLC* (11th Cir. 2004) 374 F.3d 1020, 1021-1022. IG Staffing Holdings, LLC, is the only member of Insight. IG Staffing Holdings, LLC, is ultimately a citizen of Delaware and Georgia through its own membership and not California. Accordingly, Insight is a citizen of Delaware and Georgia but not California.

26. Apex is a limited liability company organized under the laws of Virginia, where its headquarters are also located. But, like Insight, its citizenship, for diversity purposes, is dictated by the citizenship of its members. Apex's sole member is ASGN Incorporated. ASGN Incorporated is a Delaware corporation, and its principal place of business is located in Virginia. As such, ASGN Incorporated is a citizen of Delaware and Virginia, not California. Accordingly, Apex is a citizen of Delaware and Virginia, not California.

27. Mandex is a Delaware corporation that is headquartered in Virginia. Consistent with *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001), and *Industrial Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090 (9th Cir. 1990), the "substantial predominance" of Mandex's business activities occur in the state of Virginia, not California. Therefore, for purposes of diversity jurisdiction, Mandex has its principal place of business in Virginia and, thus, would be considered a citizen of only Delaware and Virginia, not California.

28. As such, none of the three Entity Defendants would be considered California citizens. As a result, complete diversity of citizenship exists between them and Plaintiffs, who are all California citizens.

**Removal Is Warranted As All Diversity Jurisdiction Requirements Are Met**

29. As set forth above, Plaintiffs admit, through their operative pleading, the amount in controversy exceeds the diversity threshold of $75,000. Further, complete diversity of citizenship exists in this instance as non-diverse Jensen's California citizenship may be disregarded given Plaintiffs added him as a "sham" defendant to try to defeat diversity jurisdiction in this case. Indeed, Plaintiffs cannot

-9-
NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION AND DIVERSITY)

secure any recovery or liability determination as to him in this case because he does not qualify as one of the three discrete types of individuals who may be held individually liable for wage and hour violations per CLC Sec. 558.1. Thus, only the Entity Defendants' respective citizenships must be considered. And, since Entity Defendants' are not citizens of California, they would be considered "diverse" from Plaintiffs, who are citizens of California. As such and in addition to the original jurisdiction this Court has through federal question, it also has subject matter jurisdiction over this lawsuit through diversity jurisdiction.

## **VENUE IS PROPER IN THIS DISTRICT**

30. Venue is proper in this district and division because the state court action was filed and is pending in the Superior Court of the State of California, County of San Diego, which is located within the jurisdiction of the United States District Court for the Southern District of California.

## **ALL OTHER DEFENDANTS JOIN THIS REMOVAL**

31. Insight understands Mandex, Apex, and Jensen have all been served with this lawsuit as of the date of the filing of this Notice. Mandex, Apex, and Jensen each agree to and join in this removal.

## **PROCEDURAL REQUIREMENTS ARE MET**

32. Pursuant to 28 U.S.C. Sec. 1446(d), a copy of this Notice of Removal, including any exhibits, is being served on Plaintiffs' counsel as well as counsel for the other three defendants. It is also being filed with the clerk of the Superior Court of the State of California, County of San Diego, in case no. 37-2022-00023173-CU-OE-CTL.

## **CONCLUSION**

Despite Plaintiffs attempting to cast their respective claims asserted in this lawsuit as those involving violation of state law, this lawsuit is actually predicated on purported violation of federal prevailing wage law. As such, it fundamentally involves a federal question, which this Court has original jurisdiction over. Further,

-10-
NOTICE OF REMOVAL OF ACTION (FEDERAL QUESTION AND DIVERSITY)

1 complete diversity exists between Plaintiffs and Defendants when the sham
2 defendant's California citizenship is rightly disregarded.
3 Overall, this lawsuit is subject to removal from the Superior Court of the State
4 of California, County of San Diego, to this Court on two separate grounds. As such,
5 Insight hereby removes the action as warranted and requests this Court exercise
6 jurisdiction over all further proceedings in this case.

Dated: July 22, 2022

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Justin M. Michitsch
Justin M. Michitsch, Esq.
Attorneys for Defendant
INSIGHT GLOBAL, LLC

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101